FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAR 24 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN KEHOE et al.,            )<br>                              )<br>         Plaintiffs,          )<br>                              )    3:10-cv-00256-RCJ-RAM<br>    vs.                       )<br>                              )<br> AURORA LOAN SERVICES, LLC et al., )    **ORDER**<br>                              )<br>         Defendants.          )<br>_____) | |

This is a standard foreclosure case involving one property. Plaintiffs sued Aurora Loan Services LLC ("Aurora"), Quality Loan Service Corp. ("QLS"), and Jim McGill in state court for quiet title, debt collection violations, and breach of the implied covenant of good faith and fair dealing. Defendants removed. The Court has denied a motion to remand and a motion to certify a question to the Nevada Supreme Court and has granted Aurora's motion to dismiss. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona and appears ineligible for transfer. Pending before the Court is QLS's Motion for Summary Judgment (ECF No. 19). For the reasons given herein, the Court grants the motion.

I.   **THE PROPERTY**

John L. and Kathleen M. Kehoe gave First Magnus Financial Corp. a $907,500 promissory note, secured by a deed of trust ("DOT"), to purchase real property at 821 Golfers Pass Rd., Incline Village, NV 89451 (the "Property"). (DOT 1–3, Oct. 20, 2006, ECF No. 19-1).

First American Title was the trustee on the DOT. (*See id.* 2). Plaintiffs defaulted. Mortgage Electronic Registration Systems ("MERS") substituted QLS as trustee on Feb. 2, 2009, (*see* Substitution, Feb. 2, 2009, ECF No. 19-2), and QLS filed the Notice of Default ("NOD") the same day, (*see* NOD, Feb. 2, 2009, ECF No. 19-3). QLS scheduled a trustee's sale for March 31, 2010, (*see* Notice of Trustee's Sale ("NOS") 1–2, Mar. 3, 2010, ECF No. 19-4), and sold the Property to Aurora on that date, (*see* Trustee's Deed 1–2, Apr. 1, 2010, ECF No. 19-5).

## II. ANALYSIS

The foreclosure in this case was statutorily proper. Plaintiffs also allege deceptive trade practices. QLS is not a debt collector under the Fair Debt Collection Practices Act ("FDCPA"), at least not by merely filing the NOD or NOS. *See, e.g., Karl v. Quality Loan Serv. Corp.*, --- F. Supp. 2d ----, 2010 WL 5464812, at *7 (D. Nev. Dec. 13, 2010) (citing *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009)). The state statute Plaintiff invokes relies directly and coextensively on FDPCA and does not provide a private cause of action in any case. *See* Nev. Rev. Stat. § 649.370; *Valenzuela v. Lime Fin. Servs., Ltd.*, 2011 WL 221722, *2–3 (D. Nev. Jan. 20, 2011).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 19) is GRANTED.

IT IS FURTHER ORDERED that the claims against McGill are dismissed, as he is alleged only to have cried the foreclosure sale, which was proper.

IT IS SO ORDERED.

Dated this 24th day of March, 2011.

_____
ROBERT C. JONES
United States District Judge